IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT E. BISHOP and | ) |
| LESLIE BISHOP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

Plaintiff, United States of America, by and through undersigned counsel, complains and alleges as follows:

1. This civil action is brought by the United States to reduce to judgment: (1) the unpaid federal income tax assessments against defendants Robert E. and Leslie Bishop for the 2001 and 2002; (2) the unpaid joint federal income tax assessments against defendants Robert E. and Leslie Bishop for the 2017 tax year; and (3) the unpaid trust fund recovery penalty assessments against defendant Robert E. Bishop for the tax quarters ending March 31, 2001 through December 31, 2002.

**JURISDICTION AND VENUE**

2. This action is authorized and sanctioned by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with the provisions of 26 U.S.C. § 7401.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Robert and Leslie Bishop reside in Brevard County, Florida, within the jurisdiction of this Court.

**COUNT I: REDUCE ROBERT AND LESLIE BISHOP'S FEDERAL INCOME TAX ASSESSMENTS FOR THE 2001 AND 2002 TAX YEARS TO JUDGMENT**

5.     Robert E. and Leslie Bishop (the "Bishops"), a married couple, filed joint federal income tax returns ("Forms 1040") for the 2001 and 2002 tax years on or before April 15, 2002, and April 15, 2003, respectively.

6.     The IRS examined the Bishops Forms 1040 for the 2001 and 2002 tax years and asserted that they owed additional tax, penalties, and interest for those years.

7.     Thereafter, a delegate of the Secretary of the Treasury assessed against the Bishops the agreed upon deficiencies, penalties, and interest for the 2001 and 2002 tax years on the date and in the amounts set forth in the following table:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
|---|---|---|---|---|
| 2001 | April 6, 2009 | $63,476.00 | $39,438.11 | $12,695.20 (accuracy-related) |
| 2002 | April 6, 2009 | $48,246.00 | $25,097.57 | $9649.20 (accuracy-related) |

8.     The Bishops and the IRS consented in writing to extend the limitations period on assessment for the 2001 and 2002 tax years to December 31, 2009.

9.     A delegate of the Secretary of the Treasury properly gave notice of the unpaid federal income tax liabilities described in paragraph 7, above, to the Bishops and made demands for payment as required by law.

10.    Despite notice and demand for payment, the Bishops have failed to pay in full their federal income tax liabilities for the 2001 and 2002 tax years.

11.    Taking into account all payments, credits, and abatements, Robert E. Bishop owes $235,536.75, as of June 10, 2019, and Leslie Bishop owes $235,942.83, as of June 10, 2019, for

their unpaid tax liabilities for the 2001 and 2002 tax years, plus fees, interest, and all statutory additions thereafter provided by law.

12. Although the Bishops are jointly liable for the assessments described in paragraph 8, above, they owe different amounts for each year because Leslie Bishop filed a request for innocent spouse relief that resulted in split spousal assessments for those years. Consequently, penalties and interest have accrued separately for the 2001 and 2002 tax years, and limitations periods to collect their tax liabilities are measured separately.

13. The limitations periods to collect Robert E. Bishop's tax liabilities for the 2001 and 2002 tax years were tolled by an offer in compromise he submitted for those years.

14. The limitations period to collect Leslie Bishop's tax liabilities for the 2001 and 2002 tax years were tolled by the innocent spouse relief request she submitted for those years.

15. As a result of Robert E. Bishop's offer in compromise and Leslie Bishop's innocent spouse relief request, the limitations periods to collect the Bishops' 2001 and 2002 tax liabilities have not expired for either Robert E. Bishop or Leslie Bishop, and this action to collect their liabilities is timely.

**COUNT II: REDUCE ROBERT AND LESLIE BISHOP'S FEDERAL INCOME TAX ASSESSMENTS FOR THE 2017 TAX YEAR TO JUDGMENT**

16. The Bishops filed a Form 1040 for the 2017 tax year as married filing jointly, but failed to pay in full the tax they reported on that return.

17. A delegate of the Secretary of the Treasury assessed against the Bishops the tax that they reported on their Form 1040 for the 2017 tax year, plus a penalty and interest, on the date and in the amounts set forth in the following table:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
|---|---|---|---|---|
| 2017 | November 12, 2018 | $20,588.00 | $459.95 | $548.97 (failure to pay) |

18. A delegate of the Secretary of the Treasury properly gave notice of the unpaid federal income tax liabilities described in paragraph 18, above, to the Bishops and made demands for payment as required by law.

19. Despite notice and demand for payment, the Bishops have failed to pay in full their federal income tax liability for the 2017 tax year.

20. Taking into account all payments, credits, and abatements, the Bishops owe $18,198.13, as of June 10, 2019 for their unpaid joint federal income tax liability for the 2017 tax year, plus fees, interest, and all statutory additions thereafter provided by law.

**COUNT III: REDUCE TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST ROBERT BISHOP TO JUDGMENT**

21. Robert E. Bishop owned and operated Bobs [sic] Complete Landscapeing [sic], Inc. from 1994 until 2009.

22. Bobs Complete Landscapeing filed Forms 941, Employer's Quarterly Tax Returns, for the tax quarters ending March 31, 2001 through December 31, 2002 (the "quarters at issue") on or before their respective due dates.

23. The IRS examined the Forms 941 and assessed federal employment tax, interest, and penalties, including fraud penalties, against Bobs Complete Landscapeing for the quarters at issue on August 17, 2009.

24. Section 6672 of the Internal Revenue Code (26 U.S.C.) imposes liability upon responsible persons who willfully fail to perform a duty to collect, truthfully account for, or pay over federal income and employment taxes withheld from the wages of his or her employees.

25. For the quarters at issue, Robert E. Bishop was a responsible person who had a duty to collect, truthfully account for, and pay over to the United States the federal income and

employment taxes withheld from the wages paid to the employees of Bobs Complete Landscapeing.

26. Robert E. Bishop willfully failed to perform his duty to collect, truthfully account for, and pay over to the United States the federal income and employment taxes withheld from the wages paid to the employees of Bobs Complete Landscapeing for the quarters at issue.

27. On October 19, 2010, a delegate of the Secretary of the Treasury assessed trust fund recovery penalties against Robert E. Bishop pursuant to 26 U.S.C. § 6672 for the willful failure to collect, truthfully account for, or pay over to the United States the federal income and employment taxes withheld from the wages paid to the employees of Bobs Complete Landscapeing for the quarters at issue. The amounts of the assessments are shown in the following table:

| Tax Period | Trust Fund Recovery Penalty |
| --- | --- |
| Mar. 31, 2001 | $48,361.21 |
| June 30, 2001 | $48,361.21 |
| Sept. 30, 2001 | $47,696.35 |
| Dec. 31, 2001 | $47,696.35 |
| Mar. 31, 2002 | $48,846.96 |
| June 30, 2002 | $48,846.96 |
| Sept. 30, 2002 | $48,846.96 |
| Dec. 31, 2002 | $48,991.70 |

28. The trust fund recovery penalty assessments against Robert E. Bishop were timely because the assessments arise from the fraudulent Forms 941 filed by Bobs Complete Landscapeing for the quarters at issue. *See* 26 U.S.C § 6501(c)(1).

29. A delegate of the Secretary of the Treasury gave Robert E. Bishop notice of the trust fund recovery penalty assessments described in paragraph 27, above, and made demands for payment as required by law.

30. Despite notice and demand for payment, Robert E. Bishop has failed to pay in full the trust fund recovery penalties assessed against him.

31. Taking into account all payments, credits, and abatements, Robert E. Bishop owes $530,747.01, as of June 10, 2019, for his unpaid trust fund recovery penalties for the quarters at issue, plus fees, interest, and all statutory additions thereafter provided by law.

**WHEREFORE**, the United States prays for the following relief:

A. That the Court enter judgment in favor of the United States and against Robert E. Bishop in the amount of $235,536.75, as of June 10, 2019, for his unpaid federal income tax liabilities for the 2001 and 2002 tax years, plus subsequent statutory additions and interest as allowed by law;

B. That the Court enter judgment in favor of the United States and against Leslie Bishop in the amount of $235,942.83, as of June 10, 2019, for his unpaid federal income tax liabilities for the 2001 and 2002 tax years, plus subsequent statutory additions and interest as allowed by law;

C. That the Court enter judgment in favor of the United States and against Robert E. Bishop and Leslie Bishop in the amount of $18,198.13, as of June 10, 2019, for their unpaid joint federal income tax liability for the 2017 tax year, plus subsequent statutory additions and interest as allowed by law;

D. That the Court enter judgment in favor of the United States and against Robert E. Bishop in the amount of $530,747.01, as of June 10, 2019, for unpaid trust fund recovery penalties for the tax quarters ending March 31, 2001, June 30, 2001, September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, and December 31, 2002, plus subsequent statutory additions and interest as allowed by law; and

E. That the United States be granted such other and further relief as the Court deems just and proper.

Dated June 11, 2019.

                                              Respectfully submitted,

                                              RICHARD E. ZUCKERMAN
                                              Principal Deputy Assistant Attorney General

                                              */s/ Thomas K. Vanaskie*
                                              THOMAS K. VANASKIE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 14198
                                              Washington, D.C. 20044
                                              202-305-7921 (v)
                                              202-514-4963 (f)
                                              Thomas.K.Vanaskie@usdoj.gov

                                              Of Counsel:

                                              MARIA CHAPA LOPEZ
                                              United States Attorney

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Robert E. Bishop and Leslie Bishop

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Brevard
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas K. Vanaskie, U.S. Dep't of Justice, Tax Division
P.O. Box 14198, Washington, DC 20044
202-305-7921

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 USC Sec. 7402

Brief description of cause:
Reduce Tax Assessments to Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 780,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 6/11/19
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | ) |
|---|---|
| United States of America | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| Robert E. Bishop<br>Leslie Bishop | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Rober E. Bishop
3821 Peacock Drive
Melbourne, FL 32904


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Thomas K. Vanaskie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, DC 20044


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Robert E. Bishop<br>Leslie Bishop | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Leslie Bishop
3821 Peacock Drive
Melbourne, FL 32904


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Thomas K. Vanaskie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                  _____
*Signature of Clerk or Deputy Clerk*